UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOHNNY HOYT (#479082)**  CIVIL ACTION NO.

**VERSUS**  20-865-JWD-EWD

**JAMES M. LeBLANC, ET AL.**

## ORDER

Before the Court is a "Motion for Sanction Against Attorney Matthew P. Roth" ("Motion"), filed by Plaintiff Johnny Hoyt ("Hoyt"), who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana.[1] The Motion is opposed.[2] As there is no basis to imposed sanctions, the Motion will be denied.

Federal Rule of Civil Procedure 11 provides, in pertinent part, as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[3]

Hoyt contends that counsel for Defendants violated Rule 11 by filing an Answer to the Complaint, as amended, because the answer is "contrary to the evidence and facts and law."[4] The basis for

---

[1] R. Doc. 15.
[2] R. Doc. 17.
[3] Fed. R. Civ. P. 11(b).
[4] R. Doc. 15, pp. 1-2.

his argument is that the Court, in screening Hoyt's Complaint under 28 U.S.C. §§ 1915(e) and 1915A, allowed certain claims to proceed.[5]

It appears Hoyt misunderstands the purpose of the screening, what it means to his claims, and the purpose of filing the answer. By allowing certain claims to proceed past screening, the Court has merely found that, on the face of the Complaint, as amended, Hoyt has stated a claim. Evidence has not been considered, as it would be inappropriate to consider evidence at the screening stage. Rather, as noted in the Report and Recommendation, the standard for screening pursuant to 28 U.S.C. §§ 1915(e) and 1915A is the same as the standard for a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6). The Court accepts all the plaintiff's well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[6] In conducting a screening or on a motion to dismiss, the Court is merely deciding whether the Complaint itself is legally sufficient to state a claim, not weighing evidence.[7] If Hoyt had not pleaded facts to state a claim in his Complaint, his case would have been dismissed. Because the Court found that Hoyt did plead facts to state at least some of his claim, he has been permitted to proceed on those claims. Since screening, the parties have engaged in discovery to develop the evidence. Defendants have filed a Motion for Summary Judgment,[8] which is opposed by Hoyt.[9] Depending on the outcome of the Motion for Summary Judgment, the case may also proceed to trial.

---

[5] R. Docs. 4, 5, 6, & 7. Hoyt's claims brought pursuant to the Fourteenth Amendment to the United States Constitution and Article I, § 2 of the Louisiana Constitution for injunctive relief against Darryl Vannoy, Tammy Hendrickson, and Michael Jack in their official capacities and claims for monetary relief against Darryl Vannoy, Tammy Hendrickson, and Michael Jack in their individual capacities for due process violations arising from Hoyt's continued confinement in closed cell restriction ("CCR"), a version of solitary confinement, survived the screening process.
[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[7] *Fortenberry v. Board of Pardons and Parole*, No. 15-167, 2018 WL 9734125, at *1 (N.D. Tex. Sept. 29, 2018).
[8] R. Doc. 26. Defendants essentially argue that Hoyt's disciplinary history since placement in CCR supports the length of his confinement there, and they have attached evidence to their Motion for Summary Judgment.
[9] R. Doc. 29.

Accordingly, Defendants have not done anything improper by answering the Complaint and refuting Hoyt's allegations, the defenses raised do not appear to be frivolous,[10] and by signing the Answer, defense counsel is representing to the Court that the denials in the answer are warranted.[11]  Under these circumstances, there is no basis to impose sanctions on defense counsel.

**IT IS ORDERED** that the "Motion for Sanction Against Attorney Matthew P. Roth,"[12] filed by Plaintiff Johnny Hoyt, is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 17, 2023.

           **ERIN WILDER-DOOMES**
           **UNITED STATES MAGISTRATE JUDGE**

---

[10] Defendants have raised common affirmative defenses, such as qualified immunity.  *See* R. Doc. 13.
[11] R. Doc. 13.
[12] R. Doc. 15.