UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNY HOYT (#479082)                                    CIVIL ACTION NO.

VERSUS                                                              20-865-JWD-EWD

JAMES M. LeBLANC, ET AL.

## OPINION

Before the Court is an Objection to Report and Recommendation filed by Defendants Michael Jack and Tammy Hendrickson ("Defendants"), as well as an Objection filed by Plaintiff Johnny Hoyt ("Plaintiff").[1] Defendants now contend that they do not have the power to grant the injunctive relief requested by Plaintiff in this case and thus, the claims for injunctive relief against them should be dismissed.[2]

In the Motion for Summary Judgment Defendants did not argue that they do not have the authority to provide the injunctive relief requested. Rather, Defendants argued for dismissal solely on the basis of qualified immunity,[3] but, as stated by the Magistrate Judge, "qualified immunity is not available for claims for injunctive relief."[4] Defendants now, in their Objection, request that this Court rely on two statements made by the Plaintiff to find that the Defendants do not have the authority to grant the injunctive relief requested and dismiss this lawsuit: 1) statements made to the effect that Plaintiff has not seen Defendants serving on the lockdown review board for some time; and 2) that when Defendants did appear, they stated that they could not help Plaintiff.[5]

---

[1] R. Docs. 37 & 38.
[2] R. Doc. 37, p. 1.
[3] R. Doc. 26.
[4] R. Doc. 36, p. 4.
[5] R. Doc. 37.

In the Objection, Defendants also place the burden on Plaintiff to demonstrate that the defendants *have* the authority to grant the injunctive relief requested, but as the mover it is their burden to demonstrate that Jack and Hendrickson *do not have* the authority required.[6] Plaintiff's statement above that Defendants cannot do anything for him goes to the core allegation of this action, which is that the lockdown review proceeding is a sham because, as the board members, Jack and Hendrickson are supposed to be the ones hearing the Plaintiff's case for release from CCR.[7]

In sum, the Court declines to *sua sponte* expand upon the grounds for summary judgment. To the extent the state now seeks to argue that Defendants no longer serve in a capacity such that they have the authority to grant the injunctive relief requested, they must seek leave to file a second Motion for Summary Judgment and should support the Motion with competent summary judgment evidence.[8]  Accordingly,

After independently reviewing the entire record in this case and for the reasons set forth in the Magistrate Judge's Report dated August 28, 2023, to which objections (R. Docs. 37 & 38) were filed and considered,

**IT IS ORDERED** that the Motion for Summary Judgment, filed by Defendants Darryl Vannoy Tammy Hendrickson, and Michael Jack, is **GRANTED IN PART AND DENIED IN PART**—all of Plaintiff Johnny Hoyt's claims against Darryl Vannoy, as well as his claims for

---

[6] Additionally, the Court must view the facts in the light most favorable to the non-moving party. *International Shortstop, Inc. v. Rally's, Inc*., 939 F.2d 1257, 1263 (5th Cir. 1991).

[7] The Court recognizes that Plaintiff, in his objection, has stated that Defendants never had the authority to release him from CCR, but the Court questions what personal knowledge Plaintiff has regarding the authority of Defendants. R. Doc. 38.  Nevertheless, considering that Plaintiff is *pro se*, the Court declines to expand upon the grounds for the Motion for Summary Judgment based upon this new information.

[8] This may include affidavits by Defendants stating that they no longer serve in a capacity such that they have the authority to release inmates from CCR.  Defendants' new argument regarding state law claims also fails because, as Plaintiff is *pro se*, his pleadings are liberally construed, so his amended complaint was construed to seek monetary damages, generally, not only for the federal claims.  *See* R. Doc. 7.

monetary relief against Jack and Hendrickson arising from Hoyt's federal claims in their individual capacities are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that this action is referred back to the undersigned for further proceedings on Hoyt's remaining federal and state claims for injunctive relief, in their official capacities, and his state law claims for monetary relief against Hendrickson and Jack in their individual capacities arising out of Hoyt's continued confinement in Closed Cell Restriction since 2008.

Signed in Baton Rouge, Louisiana, on September 18, 2023.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**